IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Mardale D. Johnson, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:22-cv-126 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:19-cr-60 |
| Mardale D. Johnson, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Petitioner Mardale D. Johnson's motion to vacate, set aside, or correct sentence filed on July 21, 2022. Doc. No. 109. The United States responded in opposition to the motion on January 19, 2023. Doc. No. 119. Johnson filed a reply on March 21, 2023. After careful review of the entire record, the motion is denied.

**I.      BACKGROUND**

In April 2019, Johnson was indicted by a federal grand jury with one count of conspiracy to possess with intent to distribute and distribute controlled substances and one count of distribution of a controlled substance resulting in serious bodily injury. Doc. No. 1. Johnson was alleged to have trafficked a number of illegal substances, including heroin that caused an overdose that resulted in serious bodily injury. Id. On February 8, 2021, Johnson pleaded guilty to conspiracy to possess with intent to distribute and distribute controlled substances pursuant to a

written plea agreement. Doc. No. 85. The plea agreement explicitly contemplated a guideline calculation with the base offense level of 24, and a 6-level upward departure under Guideline § 5K2.2 for causing physical injury. Doc. No. 85 at 6. The plea agreement also included a provision reserving the Government's right to argue an additional 2-level upward adjustment for Johnson's role in the offense. Id. Johnson then proceeded to his change of plea hearing and agreed to these terms without objection.

Prior to sentencing, the Court ordered a presentence investigation ("PSIR"), which was filed on June 17, 2021. Doc. No. 97. The PSIR determined that the total offense level for Johnson's conduct was 23, and his criminal history category was IV, resulting in a sentencing range of 70 to 87 months. Id. at 7, 24. The PSIR also noted that the plea agreement provided for a 6-level upward departure for physical injury sustained as a result of a non-fatal overdose, which increased the total offense level to 29. Id. With a criminal history category IV and offense level of 29, Johnson's sentencing guideline range was 121 to 151 months. Id. at 26.

Johnson's sentencing hearing was held on July 21, 2021, at which time the Court addressed the Guideline calculation in the PSIR and any objections of the parties, before sentencing Johnson to a term of 134 months imprisonment followed by 6 years of supervised release. Doc. No. 103. Johnson did not appeal. On July 21, 2022, Johnson filed the current motion under 28 U.S.C. § 2255. Doc. Nos. 109, 109-1. In his motion, Johnson generally asserts that his counsel was ineffective for failing to properly advise him as to "how to deal with the Government's plea offer," and failing "to make the proper objections at sentencing." Doc. No. 109-1 at 3.

## II. LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law."

Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). More specifically, § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). As such, § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

Relatedly, the court may dismiss a § 2255 motion without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is committed to the discretion of the district court. See id.

**III.   DISCUSSION**

Johnson asserts that counsel was ineffective for failing to properly advise him "how to deal with the Government's plea offer," and for failing "to make the proper objections at sentencing." Doc. No. 109-1 at 3. Johnson's motion can also be construed as challenging the voluntariness of his plea and a challenge to the drug quantity contained in his plea agreement.

   **A.   Accusations of Ineffective Assistance Of Counsel**

To start, Johnson bases his § 2255 motion, in part, on two generalized claims of ineffective assistance of counsel. Johnson's claims can be construed as advancing two errors made by former

3

counsel: (1) deficient advice during the plea bargain stage of representation; (2) failure to make certain objections at sentencing.

To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the first prong, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid the effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

To satisfy the second prong, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at

694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each claim must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)).

1.  Advice during the plea bargain stage of representation

Johnson argues that his attorney failed to properly advise him on the Government's plea offer prior to his acceptance of the plea. Specifically, Johnson suggests he was strong-armed into pleading guilty despite his disagreement with the 6-level enhancement for causing serious bodily injury. Johnson also argues counsel led him to believe he would receive a sentence between 70-87 months and instead received 134 months due to the upward departure.

The Sixth Amendment guarantees the right to effective counsel during plea negotiations and the entry of a guilty plea. See Missouri v. Frye, 566 U.S. 134, 141 (2012). "Where, as here, a defendant is represented by counsel during the plea process and enters [their] plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

Even assuming Johnson's accusation regarding counsel's representation of the length of the sentence is true, the Court advised him of the maximum sentence he faced by pleading guilty. Doc. No. 108 at 5-6. This potential maximum sentence was also part of the plea agreement signed by Johnson. Doc. No. 85 at 4. Additionally, Johnson indicated on the record while under oath that he understood the potential maximum sentence prior to pleading guilty. Doc. No. 108 at 6. As a

result, even if Johnson's counsel advised him deficiently regarding the possible length of his sentence, this error was rectified by the Court's accurate communication of the potential sentence, and he suffered no prejudice. See e.g., Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) (§ 2255 petitioner could not show prejudice on claim that counsel improperly advised him about the length of his potential sentence, because, "[r]egardless of what his trial counsel advised him concerning the length of the potential sentences that might result from his guilty pleas, the record demonstrates that the trial judge clearly explained the potential maximum sentence to [the petitioner] at the plea proceeding.").

Any claim that Johnson was forced into a plea agreement is also contradicted by the record. Johnson stated at his change of plea hearing, while under oath, that he was satisfied with his counsel's performance and confirmed in that he was entering his plea voluntarily. Doc. No. 108 at 4-5, 13. At his sentencing hearing, Johnson again indicated under oath that he was fully satisfied with his representation. Doc. No. 106 at 13-14. As a result, Johnson's current contentions are contradicted by the record. See United States v. Trevino, 829 F.3d 668, 672 (8th Cir. 2016) (failure to assert objections to counsel's performance at the change-of-plea hearing refutes any claim of ineffective assistance of counsel related to the plea); see also Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (delayed claims of ineffective assistance of counsel are insufficient when contradicted by statements on the record made under oath).

Even further, the 6-level upward departure Johnson now claims he objected to was explained to him on the record. Doc. No. 108 at 9. Despite this, Johnson indicated he understood the ramifications of said departure while under oath (Id. at 10), and did not communicate any disagreement or reluctance to the Court. At sentencing, the Court again explained the nuances of the 6-level upward departure directly to Johnson and he failed to provide any disagreement. Doc.

No. 106 at 14-15. As a result, because his argument is contradicted by the record, Johnson has not carried his burden of showing that counsel was ineffective.

It must further be noted that counsel's advice and Johnson's decision to plead guilty appear to be strategic decisions made after weighing the potential options. The Supreme Court has recognized that "strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . .." United States v. Orr, 636 F.3d 944, 952 (8th Cir. 2011). While counsel and Johnson were aware that the Government may struggle to show the causal link between Johnson and the overdose, the decision to accept the 6-level upward departure was done strategically to remove the potential of receiving a life sentence.[1] Doc. No. 109-1 at 7-10. On these facts, the recommendation to plead guilty does not rise to the level of ineffective assistance.

### 2. Failure to object at sentencing

Johnson goes on to argue that counsel provided ineffective assistance by failing to object to the 6-level upward departure at sentencing. However, this was anything but ineffective assistance. The plea agreement specifically contemplated the 6-level upward departure of which Johnson now complains. Had counsel objected at sentencing, this would have been a violation of the plea agreement, and the Government would have had the right to withdraw the benefit Johnson received through the agreement and proceed to trial.

The sentencing transcript reflects that while counsel did not formally object, he instead held the Government to its burden of proving the upward departure should apply. This appears to have been a sound strategic decision as this approach preserved the benefit of the plea agreement (elimination of a potential life sentence) while also putting the onus on the Government to prove

---

[1] Count 2 was dropped as part of the plea agreement and Count 2 carried the potential for a life sentence.

7

the departure was appropriate. Additionally, Johnson had an opportunity to address the upward departure himself during sentencing, but instead agreed with the facts supporting the departure—while under oath. Doc. No. 106 at 18. In sum, Johnson's argument that counsel was ineffective at sentencing is contradicted by the record and the claim fails.

### B. Collateral Challenges

In an abundance of caution, the Court will also construe Johnson's motion as advancing two collateral challenges to his conviction. The Court notes these collateral attacks were waived as part of the plea agreement,[2] but will briefly address the merits of each. The first is a challenge to the drug quantity underlying Johnson's conviction and the second is a claim that his plea was not knowing and voluntary.

#### 1. Drug Quantity

Johnson claims the drug quantity underlying his conviction was not accurate and that he did not agree with the amount stated in his plea agreement. Doc. No. 109-1 at 5. However, Johnson provides nothing in the way of explanation or analysis. Without more, this is a conclusory allegation lacking factual specificity. See Allen v. Entergy Corp., 181 F.3d 902, 905-06 (8th Cir. 1999); see also Berg v. Norand Corp., 169 F.3d 1140, 1146 (8th Cir. 1999). Conclusory allegations are insufficient to grant post-conviction relief. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015). And, as a result, this claim fails.

#### 2. Voluntariness of the Plea

Johnson goes on to suggest his attorney unduly pressured him into pleading guilty. Doc. No. 109-1 at 5. While never stated directly, Johnson's motion can be construed as suggesting his

---

[2] However, these waivers are not absolute. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000).

guilty plea was not knowing and voluntary. It is well-established that "a guilty plea must be both knowing and voluntary" to be constitutionally valid. Parke v. Raley, 506 U.S. 20, 28 (1992). The plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 29. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (citations omitted).

A voluntary and knowing plea is not transformed into a coerced plea simply because Johnson now regrets the decision. See Brady v. United States, 397 U.S. 742, 756-57 (1970). Here, Johnson specifically indicated at the change-of-plea hearing that his guilty plea was not the result of coercion. Doc. No. 108 at 13. Further, Johnson communicated that he had reviewed the plea agreement and fully understood it. Id. at 12-13. Lastly, Johnson admitted to the factual basis underlying the plea, including the upward departure for serious bodily injury. Id. at 17. Johnson has a heavy burden to overcome these admissions under oath and show that his plea was involuntary. See Blackledge v. Allison, 431 U.S. 63, 72–74 (1977); United States v. Goodman, 590 F.2d 705, 710 (8th Cir. 1979). Without more than self-serving statements made well after his sentencing, Johnson has not overcome this heavy burden and the claim is refuted by his own statements made under oath, and his claim fails.

### C. Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). Said another way, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to

9

relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After careful review of the file and all of Johnson's substantive § 2255 claims, the record decisively refutes each claim presented. Additionally, and as discussed above, Johnson offers merely conclusory allegations and insufficient factual allegations in support of his § 2255 claims and motion. As such, dismissal without an evidentiary hearing is warranted. See Calkins, 795 F.3d at 900.

## IV.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Johnson's allegations, even when taken as true are insufficient to support his claims, contradicted by the record, inherently incredible, or conclusions rather than statements of fact. As a result, Johnson's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 109) is **DENIED** and the Court exercises its discretion to deny an evidentiary hearing.

**IT IS SO ORDERED**.

Dated this 30th day of March, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court